UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TODD LEVEILLE.,

    Plaintiff,

v.                                                                                                          Civ. No. 20-24 RB/GJF

ANDREW SAUL, *Commissioner of the*
*Social Security Administration*,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court upon Defendant's "Motion to Dismiss" [ECF 18] ("Motion"). The Motion is fully briefed. *See* ECFs 21 (Response), 22 (Reply). For the reasons set forth below, the Court recommends that Defendant's Motion be **GRANTED**, and that this case be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

In January 2020, Plaintiff filed a "Civil Rights Complaint" against Defendant. Compl. [ECF 1] at 1. This Complaint seeks to invoke this Court's jurisdiction "pursuant to 28 U.S.C. § 1343(3), 42 U.S.C. § 1983." *Id.* at 2.[1] The Complaint alleges that Plaintiff's "constitutional rights, privileges or immunities [were] violated" when the Social Security Administration failed to (1) update Plaintiff's address and (2) process Plaintiff's request to disenroll from Medicare Part

---

[1] *See also* § 1983 (establishing a right to sue *state* government employees, and others, acting under color of *state* law for civil rights violations) and § 1343(3) (establishing jurisdiction for such suits); *Stanley v. Gallegos*, 852 F.3d 1210, 1212 (10th Cir. 2017) (affirming that § 1983 "authorizes suits against persons acting under color of *state* law for violations of rights granted by federal law" (emphasis added)).

B insurance. *Id.* at 2-3. Defendant asks this Court to dismiss Plaintiff's Complaint for lack of jurisdiction. Mot. [ECF 18] at 1-6.[2]

## II. LAW

Under Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief *must* contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1) (emphasis added); *see also Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988) (stating that a plaintiff must allege "facts sufficient to invoke the court's jurisdiction"). Otherwise, the Court may dismiss a plaintiff's case without prejudice. Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 & n.3 (10th Cir. 2007) (also noting that reviews of such dismissals are conducted under "[the] basic abuse of discretion standard").[3]

The Court's jurisdiction over claims against the Social Security Administration is essentially limited to (1) complaints under 42 U.S.C. § 405, which requires plaintiffs to have first exhausted their administrative remedies so that a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party" can be reviewed, or (2) complaints that "raise a colorable constitutional claim." *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990). [4]

---

[2] *See also id.* at 4 n.1 (Defendant's counsel informing the Court on April 24, 2020, that "she ha[d] [recently] worked with Plaintiff and an agency operations program analyst to update Plaintiff's address information and terminate his enrollment in Medicare Part B" and that "[e]arlier [that] week, the agency sent Plaintiff's representative payee and Plaintiff—at the New Mexico address listed on his Complaint—notices confirming the disenrollment").

[3] Although "[a] pro se litigant's pleadings are to be construed liberally," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), such a litigant must nevertheless "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[4] *See also* 42 U.S.C. § 405(g)-(h) (stating that "*[n]o* . . . decision of the [Commissioner] shall be reviewed by *any* . . . governmental agency except as herein provided" (emphasis added)); 20 C.F.R. § 404.900(a) (stating that—after a final decision—a claimant may "request judicial review by filing an action in a Federal district court"); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) (observing that "an action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law"); *Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993) (requiring social

## III. ANALYSIS

Plaintiff's Complaint does not provide this court with a "statement of the grounds for [its] jurisdiction." Fed. R. Civ. P. 8(a)(1). Specifically, Plaintiff's Complaint neither states—nor "allege[s] sufficient facts to establish," *Walden*, 840 F.2d at 775—any of the following: (1) that Plaintiff is appealing the jurisdictionally required "final decision," 42 U.S.C. § 405(g), of the Commissioner, (2) that Defendant was acting "under color of state law," *Stanley*, 852 F.3d at 1212, by not updating Plaintiff's address or disenrolling him from insurance, or (3) that such oversights amount to a "colorable constitutional claim," *Marshall*, 5 F.3d at 455. *See* Compl. at 2-5. Consequently, the Court will recommend "[e]mploying Rule 41(b) to dismiss [this] case without prejudice for failure to comply with Rule 8." *Nasious*, 492 F.3d at 1162.

## IV. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.

---

security plaintiffs to "state a colorable constitutional claim" if they have not first exhausted their administrative remedies).