FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

SEP -2 2020

MITCHELL R. ELFERS
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TODD LEVEILLE.,

    Plaintiff,

v.                                                                          Civ. No. 20-24 RB/GJF

ANDREW SAUL, *Commissioner of the
Social Security Administration*,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on United States Magistrate Judge Gregory J. Fouratt's Proposed Findings and Recommended Disposition (PFRD) (Doc. 26) and Plaintiff's objections thereto (Doc. 27). The matter is fully briefed.[1] For the following reasons, and after a de novo review of the record, the Court hereby overrules Plaintiff's objections and adopts the PFRD.

### I. BACKGROUND

In January 2020, Plaintiff filed a "Civil Rights Complaint" (Doc. 1) alleging that his "constitutional rights, privileges or immunities [were] violated" when the Social Security Administration failed to (1) update his address or (2) process his request to disenroll from Medicare Part B insurance. (*Id.* at 2-3.) The PFRD recommended that this Court grant Defendant's "Motion to Dismiss" (Doc. 18) and dismiss Plaintiff's case without prejudice. (Doc. 26 at 1-3.) Plaintiff now requests that his case not be dismissed. (Docs. 27 at 1-2; 29 at 1-2.)

---

[1] *See* (Doc. 28) (Defendant's response), (Doc. 29) (Plaintiff's reply). The Court notes that Plaintiff's reply was filed 21 days after Defendant's August 7, 2020, response, which was a full week late. *See* D.N.M.LR. 7.4(a) (establishing a 14-day deadline to file a reply). Nonetheless, the Court has considered the reply for all purposes.

## II. STANDARD OF REVIEW

To preserve an issue for review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district court must "make a de novo determination of those portions of the [report and recommendation] . . . to which objection is made." 28 U.S.C. § 636(C); *see also* Fed. R. Civ. P. 72(b)(3). The district court is not, however, required to "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000) (holding that a district court's "terse" order, containing only one sentence for each claim, was still "insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*"). Consequently, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) (noting that "in the exercise of [its] sound judicial discretion," the district court may place "whatever reliance" it chooses to place on a magistrate judge's recommendation).

## III. ANALYSIS

The PFRD recommends "employing Rule 41(b) to dismiss this case without prejudice for failure to comply with Rule 8." (Doc. 26 at 3 (brackets omitted) (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007)).)[2] In doing so, the PFRD set forth the following analysis:

> The Court's jurisdiction over claims against the Social Security Administration is essentially limited to (1) complaints under 42 U.S.C. § 405, which requires

---

[2] *See* Fed. R. Civ. P. 41(b) (permitting dismissal for a party's failure to comply with the Federal Rules of Civil Procedure); Fed. R. Civ. P. 8 (requiring complaints to state the grounds for the court's jurisdiction).

> plaintiffs to have first exhausted their administrative remedies so that a "final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party" can be reviewed, or (2) complaints that "raise a colorable constitutional claim." *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990).³
>
> Plaintiff's Complaint does not provide this court with a "statement of the grounds for [its] jurisdiction." Fed. R. Civ. P. 8(a)(1). Specifically, Plaintiff's Complaint neither states—nor "allege[s] sufficient facts to establish," *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988)—any of the following: (1) that Plaintiff is appealing the jurisdictionally required "final decision," 42 U.S.C. § 405(g), of the Commissioner, (2) that Defendant was acting "under color of state law," *Stanley v. Gallegos*, 852 F.3d 1210, 1212 (10th Cir. 2017), by not updating Plaintiff's address or disenrolling him from insurance, or (3) that such oversights amount to a "colorable constitutional claim," *Marshall*, 5 F.3d at 455.

(Doc. 26 at 2-3 (brackets and footnote in original).)

Following its de novo review of the record, the Court agrees with the analysis and conclusions set forth in the PFRD. This Court finds that neither Plaintiff's complaint (Doc. 1) nor his objections (Doc. 27) provide a "statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1); *see also* (Doc. 29). Although Plaintiff's objections reiterate his grievances with the Social Security Administration, such objections do not set forth any facts, arguments, or explanations that are "sufficient to invoke the court's jurisdiction." *Walden*, 840 F.2d at 775. For example, Plaintiff still does not assert (1) that he is appealing the final decision of the Commissioner, (2) that the Commissioner's alleged oversights were committed under color of state law, or (3) that such alleged oversights establish a colorable constitutional claim. (*See* Docs. 27 at 1-2; 29 at 1-2.) In addition, Plaintiff does not argue that the PFRD somehow incorrectly applied the above law—or that some other legal authority provides jurisdiction or excuses

---

³ *See also* 42 U.S.C. § 405(g)-(h) (stating that "*[n]o* . . . decision of the [Commissioner] shall be reviewed by *any* . . . governmental agency except as herein provided*" (emphasis added)); 20 C.F.R. § 404.900(a) (stating that—after a final decision—a claimant may "request judicial review by filing an action in a Federal district court"); *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003) (observing that "an action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law"); *Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993) (requiring social security plaintiffs to "state a colorable constitutional claim" if they have not first exhausted their administrative remedies).

Plaintiff's noncompliance with the Federal Rules of Civil Procedure. (*See id.*) Consequently, this Court will adopt the PFRD, including its recommendation to apply "Rule 41(b) to dismiss [this] case without prejudice for failure to comply with Rule 8." *Nasious*, 492 F.3d at 1162.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's objections (Doc. 27) are **OVERRULED** and that the PFRD (Doc. 26) is **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Defendant's "Motion to Dismiss" (Doc. 18) is **GRANTED** and that this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE